UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| OLADAYO ADE OLADOKUN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 24-3650 (UNA) |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) | |
| Respondent. | ) ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Oladayo Ade Oladokun's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* petition for a writ of mandamus (ECF No. 1). The Court GRANTS the application and, for the reasons discussed below, DENIES the petition.

According to Petitioner, the government officials responsible for his arrest, indictment, prosecution, and conviction "violated his civil rights through intentional misconduct, specifically police misconduct and prosecutorial misconduct." Pet. at 2. They allegedly "used fabricated photographic evidence to falsely accuse Petitioner of a crime," *id*. at 3, and presented a "false photo" to a grand jury, *id*., thereby tainting both grand jury proceedings and the criminal trial, *see id*. Thus, Respondents allegedly violated Petitioner's Fourth, Fifth, Sixth and Eighth Amendment rights. *See id*. Petitioner has asked this Court to "[i]ssue a Writ of Mandamus compelling the United States Department of Justice to investigate the specific instances of police misconduct and prosecutorial misconduct," *id*. at 6, described in his petition and his correspondence, *see id*., Ex. (ECF No. 1-1) at 5-8, with the Justice Department.

1

A writ of mandamus "compel[s] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). "To establish entitlement to mandamus relief, the plaintiff must demonstrate 1) a clear and indisputable right to the particular relief sought against the federal official, 2) that the federal official is violating a clear duty to act, and 3) that the plaintiff has no adequate alternate remedy." *Illinois v. Ferriero*, 60 F.4th 704, 713 (D.C. Cir. 2023) (citation omitted); *see Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Here, Petitioner neither establishes an entitlement to the investigation he demands, *see Patterson v. Harris*, No. 22-cv-0697, 2022 WL 16758554, at *2 (D.D.C. Nov. 8, 2022) (denying mandamus where "Petitioner has not indicated any basis from which the Court can conclude that the Department of Justice owes her a nondiscretionary duty to investigate the allegations in her civil rights complaint"), nor Respondent's clear duty to act, as the decision to conduct an investigation, or not, is discretionary, *see Gage v. U.S. Attorney General*, No. 22-cv-0283, 2022 WL 602451, at *1 (D.D.C. Feb. 28, 2022) ("The decision whether and when to investigate a particular matter is quintessentially discretionary[.]"); *Lovoi v. U.S. Dep't of Justice*, 679 F. Supp. 2d 12, 14 (D.D.C. 2010) (denying "call for a court-ordered investigation to be initiated by the Department of Justice," construed as "a request for a writ of mandamus," because "mandamus cannot be issued to compel discretionary acts like an executive agency's decision to

initiate an investigation"). "Mandamus will not lie to control the exercise of this discretion[.]" *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965).

An Order accompanies this Memorandum Opinion.

/s/
CHRISTOPHER R. COOPER
United States District Judge

DATE: March 26, 2025